# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARLUZ TANGGOTE,<br><br>     Appellant,<br><br> v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ADULT PROTECTIVE SERVICES DIVISION,<br><br>     Respondent, | No. 59677-6-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, C.J.—The Department of Social and Health Services (DSHS) added Marluz Tanggote, a licensed practical nurse, to the Vulnerable Adult Abuse (VAA) Registry after Tanggote failed to challenge DSHS's initial finding of neglect against her. Tanggote petitioned Adult Protective Services (APS) to remove her name from the VAA Registry pursuant to WAC 388-103-0180(2). APS declined to remove her name from the registry because she was not employed as a nursing assistant as required to petition for removal under WAC 388-103-0210. It did not address whether APS had the authority to remove her name from the VAA Registry under WAC 388-103-0180. The superior court affirmed DSHS's decision not to remove Tanggote's name from the registry. Tanggote appeals the superior court decision, arguing, among other things, that DSHS's decision not to remove her from the registry (1) was arbitrary and capricious, (2) was outside of DSHS's statutory authority, and (3) violated Tanggote's substantive due process rights.

We conclude that DSHS's decision to deny Tanggote's petition was arbitrary and capricious because it was unreasoned as to its section 0180 removal authority. We decline to consider Tanggote's arguments that DSHS's denial of her removal petition was outside of its statutory authority in light of our decision to remand on the ground that denial was arbitrary and capricious. Because we can decide this case on nonconstitutional grounds, we also decline to consider Tanggote's substantive due process argument.

FACTS

I. The Vulnerable Adult Abuse Registry

APS, a division of DSHS, may investigate allegations of neglect by a person or entity with a duty of care to a vulnerable adult. WAC 388-103-0010; *see* RCW 74.34.020. When an investigation results in an initial substantiated finding of neglect, APS will notify the alleged perpetrator. WAC 388-103-0040. The alleged perpetrator is permitted to challenge the initial substantiated finding at an administrative hearing. WAC 388-103-0090. However, an initial substantiated finding becomes final when DSHS gives the alleged perpetrator notice of the initial substantiated finding and "the alleged perpetrator does not request an administrative hearing." WAC 388-103-0160. When APS makes a final substantiated finding, identifying information about the perpetrator is placed on the VAA Registry. WAC 388-103-0170. Individuals on the VAA Registry may not work or volunteer anywhere they might have unsupervised contact with vulnerable adults or children.

The final substantiated finding is permanent unless "(a) the department determines the final substantiated finding was made in error; (b) the final substantiated finding is reversed or otherwise overturned upon judicial review; (c) the department is notified that a person with a final

substantiated finding is deceased." WAC 388-103-0180(2). If this occurs, the final substantiated finding may be reversed and the person's information removed from the registry. WAC 388-103-0180. Alternatively, a perpetrator can petition for removal if they are a nursing assistant who meets certain requirements. WAC 388-103-0210(2)-(3).

## II. BACKGROUND

Marluz Tanggote was a licensed practical nurse (LPN) at a nursing home. APS initiated an investigation into possible neglect by Tanggote after an incident when a resident who required one-on-one supervision fell while unsupervised. In April 2020, APS notified Tanggote that it had made an initial finding that she, more likely than not, neglected a vulnerable adult. The notice informed Tanggote that she had a right to challenge the initial finding by requesting an administrative hearing within 30 days. The notice also stated that the initial finding would become final and her name would be placed on a registry if she did not timely request an administrative hearing.

Tanggote did not request an administrative hearing based upon an assurance by her employer that it was unnecessary because the case had already been resolved. In January 2021, the nursing home terminated Tanggote's employment after it discovered that she had been placed on the VAA Registry during a routine background check. Tanggote requested an administrative hearing in February 2021. The Office of Administrative Hearings (OAH) dismissed Tanggote's request for a hearing, on DSHS's motion, because OAH received the request for the hearing after the 30-day deadline. OAH's order notified Tanggote of her right to appeal the order. Tanggote did not pursue further administrative remedies or judicial review of this action.

## II. PETITION FOR REMOVAL

In April 2023, Tanggote sent APS a petition to remove her name from the VAA Registry pursuant to WAC 388-103-0180 on the grounds that the finding against her was "made in error." Clerk's Papers at 12. In the alternative, Tanggote argued that she should be removed from the list under WAC 388-103-0210. DSHS responded to Tanggote's petition in a letter stating that because she was not employed as a nursing assistant as required by WAC 388-103-0210, she was "not eligible to petition for name removal, therefore, will permanently remain on the VAA registry." Id. at 7. The letter did not address WAC 388-103-0180.

Tanggote petitioned the superior court for judicial review. The superior court granted review and affirmed DSHS's decision denying Tanggote's removal petition. Tanggote appeals the superior court's order denying her petition.

## DISCUSSION

## I. STANDARDS OF REVIEW

The validity of an agency action is determined in accordance with the standards of review provided by the Administrative Procedure Act (APA), ch. 34.05 RCW. RCW 35.05.570(1)(b). An agency's decision to deny a petition to be removed from the VAA Registry is subject to judicial review as any other agency action under RCW 34.05.570(4). *Romero v. Dep't of Soc. and Health Servs.*, 30 Wn. App. 2d 323, 335, 544 P.3d 1083 (2024). In reviewing an administrative action, the court of appeals applies the APA standards directly to the agency's administrative record. *Id.* "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 35.05.570(1)(a). To grant relief, we must determine that the person seeking relief has been substantially prejudiced by the action complained of. RCW 35.05.570(1)(d).

4

We may grant relief to a person aggrieved by the performance of an agency action other than an order in an adjudicative proceeding if we determine that the action is unconstitutional, outside of the agency's authority, arbitrary or capricious, or taken by persons who are not lawfully entitled to take such actions. RCW 34.05.570(4)(c)(i)-(iv).

## I. ARBITRARY AND CAPRICIOUS AGENCY ACTION

Tanggote argues that DSHS's decision to deny her petition for removal was arbitrary and capricious because (1) DSHS did not address the Medicaid Act's prohibition on listing an "other individual nursing home provider[ ]" on an abuse or neglect registry based upon circumstances outside of the provider's individual control, 42 U.S.C. § 1369r(g)(1)(C), and (2) DSHS did not address its authority to remove Tanggote from the registry under WAC 388-103-0180 (section 0180). Br. of Appellant at 55 (emphasis omitted). DSHS contends that denial of Tanggote's petition for removal under section 0180 was not arbitrary and capricious because the final substantiated finding against Tanggote was not in error. And, DSHS argues, this court does not have jurisdiction to review DSHS's finding of neglect.

We decline to consider Tanggote's argument regarding the Medicaid Act because the issue was not preserved for appeal and because we are barred from considering this argument to the extent that it asks us to review the finding of neglect against Tanggote. But, we conclude that DSHS's decision to deny Tanggote's removal petition was arbitrary and capricious because its decision was unreasoned in that it did not address the basis for the petition, its section 0180 removal authority.

A. Legal Principles

An arbitrary or capricious action is one that is " 'willful and unreasoning and taken without regard to the attending facts or circumstances.' " *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 589, 90 P.3d 659 (2004) (internal quotation marks omitted) (quoting *Wash. Indep. Tel. Ass'n v. Wash. Utils. Transp. Comm'n*, 149 Wn.2d 17, 26, 65 P.3d 319 (2003)). " '[W]here there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.' " *Rios v. Dep't of Lab. & Indus.*, 145 Wn.2d 483, 501, 39 P.3d 961 (2002) (alteration ours) (quoting *Hillis v. Dep't of Ecology*, 131 Wn.2d 373, 383, 932 P.2d 139 (1997)).

"In reviewing matters within agency discretion, the court shall limit its function to assuring that the agency has exercised its discretion in accordance with law, and shall not itself undertake to exercise the discretion that the legislature has placed in the agency." RCW 34.05.574. The party alleging an agency's action was arbitrary and capricious carries a heavy burden, and the scope of review is very narrow. *Romero*, 30 Wn. App. 2d at 335, 350.

B. Analysis

First, Tanggote argues that DSHS's decision to deny her removal petition was arbitrary and capricious because DSHS did not consider that under the Medicaid Act, an individual nursing home provider cannot be placed on a neglect registry based upon circumstances outside of their individual control. But Tanggote did not raise this argument in her removal petition. We decline to consider this argument raised for the first time on appeal. *See* RCW 34.05.554(1). And to the extent that this argument requires us to review DSHS's decision to place Tanggote on the registry,

this argument is outside the scope of our review because Tangotte did not timely challenge DSHS's initial finding of neglect. *See* RCW 34.05.534, RCW 34.05.542.

Next, Tanggote argues that it was arbitrary and capricious for DSHS not to consider its authority to remove her name from the VAA Registry under section 0180. DSHS does not directly address this argument. Rather, DSHS contends that it was not arbitrary and capricious for DSHS to decline to consider Tanggote's arguments concerning the factual support for the neglect finding because APS does not reweigh factual evidence under section 0180. And DSHS contends that its denial of Tanggote's petition was not arbitrary and capricious because Tanggote did not request an administrative hearing and, therefore, was properly placed on the registry pursuant to WAC 388-103-0160. In essence, DSHS asks us to conclude that denial of Tanggote's petition was not arbitrary and capricious because, *had* DSHS considered its discretion to remove Tanggote from the registry under section 0180, it would not have done so. However, the APA prohibits this court from exercising the discretion the legislature has placed in an agency. RCW 34.05.574(1). Thus, our review of the agency's exercise of its discretion is confined only to those reasons actually given by the agency for its denial of Tanggote's removal petition. *See id.*

Here, DSHS's letter denying Tanggote's petition does not address section 0180. Instead, DSHS's letter cites section 0210, stating that because Tanggote was an LPN rather than a nurse aid, she was not eligible for removal. The letter does not explain why or whether section 0180(2)(a) applies to individuals that are not nursing assistants, and if so what test it employs to determine whether a final substantiated finding was made in error. While we must defer to an agency action taken after due consideration, here, the agency did not consider or address its section 0180 removal

7

authority at all. This failure renders the decision to deny Tanggote's petition entirely unreasoned. Therefore, the decision was arbitrary and capricious.

## II. STATUTORY AUTHORITY

Tanggote argues that DSHS acted outside of its statutory authority when it put Tanggote on the VAA Registry because (1) Tanggote is exempt from the Long-Term Care Worker Act, ch. 49.95 RCW, as a nursing home employee and (2) the Medicaid Act requires a state health care licensing authority to take disciplinary action before restricting employment of an "other individual nursing home provider." Br. of Appellant at 37 (italics omitted).

Because we remand on the basis that DSHS's decision to deny Tanggote's removal petition was arbitrary and capricious, we decline to address whether that decision was outside of DSHS's statutory authority.

## III. SUBSTANTIVE DUE PROCESS

Tanggote argues that DSHS's refusal to consider its section 0180 removal authority violated substantive due process because DSHS's interest in protecting vulnerable adults is not meaningfully advanced by keeping her on the registry where the finding of neglect was made in error. DSHS responds that, based on *Romero*, 30 Wn. App. 2d at 346, DSHS's registry removal regulations do not violate substantive due process because they are rationally related to the State's interests in protecting vulnerable adults and maintaining the maximum available Medicaid funding.

On appeal of an agency decision, a court avoids reaching any constitutional issues where the court is able to decide on nonconstitutional grounds. *Brunson v. Pierce Cnty.*, 149 Wn. App.

855, 862, 205 P.3d 963 (2009). Because we reverse on the ground that DSHS's denial of Tanggote's petition was arbitrary and capricious, we do not address this constitutional claim.

ATTORNEY FEES

Tanggote requests an award of attorney fees under the Equal Access to Justice Act (EAJA), RCW 4.84.350. Under the EAJA, "a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350(1).

A "[q]ualified party" is "an individual whose net worth did not exceed one million dollars at the time the initial petition for judicial review was filed." RCW 4.84.340(5)(a). The parties do not contest that Tanggote is a qualified party.

A qualified party prevails "if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought." RCW 4.84.350. Tanggote prevails because we conclude that DSHS's denial of her petition for review was arbitrary and capricious and remand to the agency.

A "substantially justified" action is one that would satisfy a reasonable person and that had a reasonable basis in law and in fact. *Silverstreak, Inc. v. Dep't of Lab. & Indus.*, 159 Wn.2d 868, 892, 154 P.3d 891 (2007) (plurality opinion). "An agency action that is arbitrary and capricious is not substantially justified." *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 832, 306 P.3d 920 (2013). DSHS argues that denial of Tanggote's petition was substantially justified because Tanggote's placement on the registry was not in error and it was not arbitrary and capricious for DSHS to decline to reconsider the factual circumstances of the finding. Because we conclude that

9

DSHS's denial of Tangotte's petition was arbitrary and capricious, it was not substantially justified.

We grant Tanggote's request for attorney fees under the EAJA because DSHS's denial of her petition was arbitrary and capricious and Tanggote is a qualified party.

CONCLUSION

We conclude that DSHS's decision to deny Tanggote's petition was arbitrary and capricious because it was unreasoned as to its section 0180 removal authority. Because we reverse on the basis that DSHS's denial of Tanggote's petition was arbitrary and capricious, we decline to decide whether the denial was outside of DSHS's statutory authority. We also decline to consider Tanggote's substantive due process argument because we can decide this case on nonconstitutional grounds. We reverse the DSHS decision denying Tanggote's removal petition and remand to DSHS to consider if Tanggote should be removed from the VAA Registry pursuant to WAC 388-103-0180. We grant Tanggote's request for attorney fees under the EAJA because Tanggote is a qualified party and DSHS's denial of her petition was not substantially justified.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 59677-6-II

CRUSER, C.J.

We concur:

LEE, J.

VELJACIC, J.

11